IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

NORMA GARZA,                            §
REG. NO.38643-180                       §
        Petitioner,              §
                                        §
v.                                      §          CIVIL ACTION NO. H-05-3509
                                        §
FEDERAL BUREAU OF PRISONS,              §
        Respondent.              §

<u>OPINION ON DISMISSAL</u>

      Petitioner, Norma Garza, an inmate incarcerated in the Bryan Federal Prison Camp (FPC) in Bryan, Texas, has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, challenging the administration of her sentence (Docket Entry No.1), and a motion to expedite. (Docket Entry No.2). Petitioner complains of the Federal Bureau of Prison's termination of its "boot camp" program under 18 U.S.C. § 4046, which would have reduced her sentence by up to six months through early release. Because petitioner has not pled facts showing that she has standing to bring her claims in federal court, the Court will dismiss petitioner's federal habeas action.

I.    <u>Background</u>

      Petitioner asserts that she was convicted of possession with intent to distribute more than fifty kilos of marijuana. (Docket Entry No.1). On September 20, 2004, she was sentenced to a term of thirty months confinement with a recommendation for the ICC/Boot Camp Program. (*Id.*). On January 5, 2005, the Federal Bureau of Prisons terminated the ICC/Boot Camp program without prior notice. (*Id.*). According to petitioner, this termination (1) violated the "notice-and-comment" provisions of the federal Administrative Procedures Act, 5 U.S.C. § 553;  (2) constituted an unconstitutional *ex post facto* law as recognized in *Castellini v. Lappin*, 365 F. Supp.2d 197 (D.

Mass. 2005); and (3) deprived her of due process by invalidating the sentencing procedure.  (*Id.*).

She requests this Court to re-sentence her to the sentence she contends she would have received had

she completed the Boot Camp program.  (*Id.*).

II.    Standing

Article III standing has three elements:

First, the plaintiff must have suffered an injury in fact--an invasion of a legally
protected interest that is (a) concrete and particularized, and (b) actual or imminent,
not conjectural or hypothetical.  Second, there must be a causal connection between
the injury and the conduct complained of .... Third, it must be likely, as opposed to
merely speculative, that the injury will be redressed by a favorable decision.

*United States v. Hays*, 515 U.S. 737, 742-43 (1995) (citation and quotations omitted).  The Supreme

Court has stated that "[s]tanding is a jurisdictional requirement that focuses on the party seeking to

get his or her complaint before a federal court and not on the issues he or she wishes to have

adjudicated."  *Lincoln v. Case*, 340 F.3d 283, 289 (5th Cir. 2003) *(*quoting *Hays*).  A petitioner must

"clearly. . . allege facts demonstrating that he is a proper party to invoke judicial resolution of the

dispute the exercise of the court's remedial powers."  *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

For the reasons to follow, the Court finds that petitioner lacks standing to pursue her claims in

federal court.

The boot camp program was authorized by statute in 1990.  18 U.S.C. § 4046.  Congress

authorized the Bureau of Prisons to "place in a shock incarceration program any person who is

sentenced to a term of imprisonment of more than 12, but not more than 30 months."  18 U.S.C. §

4046(a).  The shock incarceration program, the federal boot camp program, and the Intensive

Confinement Center are synonymous.  *Castellini*, 365 F.Supp.2d at 198.

Placement in the program required following a program of strict discipline, physical training, hard labor, drill, military type ceremonies, and participation in job training and educational programs.  18 U.S.C. § 4046.  Successful completion of the boot camp program could entitle an inmate to early release consideration.  28 C.F.R. §§ 524.32.  An inmate who successfully completed the institution-based component of the program ordinarily would have been eligible to serve the remainder of his sentence in a community-based program.  28 C.F.R. § 524.32(d).  An inmate who was also successful in a community-based program, and had a period of supervised release to follow, would have been eligible for up to a six-month reduction in his sentence.  28 C.F.R. § 524.32(d).  In January 2005, the BOP terminated the boot camp program for budgetary reasons.  *Alpert v. Lappin*, No.505CV253OC10GRJ, 2005 WL 1610718, *1 (M.D. Fla. Jul. 5, 2005).

Congress and the Attorney General granted the BOP authority to administer the federal prison system.  18 U.S.C. §§ 4001, 3621 (granting Executive Branch authority to administer the federal prison system); 28 C.F.R. § 0.96 (Attorney General's delegation of authority to BOP).  Under 18 U.S.C. § 3621(b), the Bureau of Prisons has the authority to decide the place of the prisoner's imprisonment.  "[A] district court has no power to dictate or impose any place of confinement for the imprisonment portion of the sentence.  Rather, the power to determine the location of imprisonment rests with the Bureau of Prisons."  *United States v. Serafini*, 233 F.3d 758, 778 n.23 (3d Cir. 2000).  In *United States v. Addonizio*, the Supreme Court held that a prisoner's expectation that he would serve his sentence in a particular way provided no basis for collateral relief.  442 U.S. 178 (1979).

The Fifth Circuit has said "only the Bureau of Prisons has the actual authority to designate the place of incarceration. . . .  The Bureau of Prisons is given this responsibility because the

executive branch and not the judicial branch is responsible for administering sentences." *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993). Specifically, placement in the boot camp program is within the "sound correctional judgment" of the Bureau of Prisons and depends upon the "availability of Bureau resources." 28 C.F.R. § 524.31(b). Consideration for placement in the ICC program is solely within the BOP's discretion. *Id.*, *Gissendanner v. Menifee*, 975 F.Supp. 249, 251 (W.D. N.Y. 1997). There is no allegation or showing that BOP officials would have transferred petitioner to the boot camp if the program still existed.

Petitioner does not state that BOP officials had screened her for the ICC Program at the Bryan Federal Prison Camp. 28 C.F.R. §§ 524.31(a), (b); 524.32(a). She does not claim that she has either begun or completed any orientation. She does not specifically allege that she would have wanted to participate in the rigorous program. 18 U.S.C. § 4046(b); 28 C.F.R. § 524.30; 28 C.F.R. § 524.32(a) ("eligible inmate ... must .. forego opportunities which may be otherwise available.... Opportunities that may be affected include, .... visitation, telephone use, legal research time, religious practices, commissary, smoking, and grooming preferences"). Further, there is no showing that petitioner was eligible for the program. 28 C.F.R. § 524.31(a). There is no showing that BOP officials would have accepted her. 28 C.F.R. § 524.31(b). Even assuming petitioner was deemed eligible and accepted into the program, there is no showing that she would have completed the rigorous program such that she would be entitled to the only relief she seeks.

Petitioner asks this Court to correct her sentence and impose a sentence that would bring about "the sentencing Court's original intent," meaning participation in the ICC Program. (Docket Entry No. 1). She also says the Court should correct her sentence to twelve months of imprisonment, six months of halfway house, and six months home confinement. (*Id.*). To the extent petitioner

4

directly challenges her sentence, this request for relief belongs in a motion under 28 U.S.C. § 2255

collaterally attacking her sentence. *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113

(5th Cir. 1990) (when a prisoner attacks his conviction concerning errors which occurred at trial or

sentencing, a motion under 28 U.S.C. § 2255 is the proper remedy); *Jeffers v. Chandler*, 253 F.3d

827, 830 (5th Cir. 2001) (a petition under 28 U.S.C. § 2241 is the appropriate vehicle to challenge

the manner in which a sentence is executed).  A motion under 28 U.S.C. § 2255 should be presented

to the sentencing judge.  *See* Rules Governing Section 2255 Proceedings in the United States District

Courts, Rule 4(a).

In so far as petitioner challenges the execution of her sentence, she has no Article III

standing for any of the relief she seeks.  To have standing, a complainant must clearly allege facts

demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise

of the court's remedial powers.  *Warth,* 422 U.S. 508.

Under the "injury in fact" element, allegations of speculative future injury do not suffice.

*City of Los Angeles v. Lyons*, 461 U.S. 95, 102-03 (1983).  A future injury satisfies the "imminence"

requirement only if the injury is "certainly impending."  *Lujan v. Defenders of Wildlife*, 504 U.S.

555, 565 n. 2 (1992).  The concept of imminence is intended to ensure that the plaintiff's alleged

injury is not overly speculative.  *Id.*

Here, petitioner has suffered no injury in fact under the first element of standing because she

has not alleged or shown that she was screened for the ICC program, that she knew its rigorous

nature and negative aspects, that she was eligible, that she would have been accepted into the

program, or that she would have entered the program following orientation and successfully

completed the program.  She would have had to successfully complete the program to be entitled

to the relief she seeks.

The only way for this Court to grant petitioner the relief she seeks—a correction or modification of her sentence to twelve months of imprisonment, six months of halfway house, and six months home confinement—is if petitioner were accepted into the ICC Program and successfully completed it.  28 C.F.R. §§ 524.32(d); 524.33.  Petitioner does not and cannot show this.  "Even if [petitioner] had met the length-of-sentence requirement at that time such that she arguably suffered an injury in fact when the program was terminated, her future acceptance into the program is within the discretion of the Bureau of Prisons and thus the threat of future injury would be too speculative to find Article III standing to seek the prospective relief requested in Petitioner's Motion." *Alpert*, 2005 WL 1610718, *2 (ruling on TRO request and citing *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1265-66 (11th Cir. 2001)).

Petitioner also cannot meet the third part of the standing test for the reasons explained above.  It is not likely, it is only speculative, that the injury she claims can be redressed.  It certainly cannot be redressed with the relief she seeks.  For petitioner to have standing, she must allege facts which show that she "personally would benefit in a tangible way from the court's intervention."  *Warth*, 422 U.S. at 508 (1975).  Petitioner's claims and allegations do not make this showing.  The relief petitioner seeks is premised on her admission into the ICC Program *and* her successful completion of it.  Under petitioner's pleadings, a challenge to the execution of her sentence essentially equals a request that this Court order the reinstatement of the ICC Program, order that petitioner be placed in the ICC Program, and order that she be deemed to have successfully completed it.

Petitioner's claims, including her requests for relief, are too speculative to meet the threshold requirement of Article III standing.  Alternatively, her request for relief belongs in a motion under

28 U.S.C. § 2255, not in this habeas corpus petition under 28 U.S.C. § 2241.

III.   <u>CONCLUSION</u>

Based on the foregoing, the Court ORDERS the following:

1.      Petitioner's habeas petition is DISMISSED WITH PREJUDICE.

2.      Petitioner's motion to expedite (Docket Entry No.2) is DENIED, as moot.

3.      Petitioner's request for admissions (Docket Entry No.4) is DENIED, as moot.

Signed at Houston, Texas, on December 21, 2005.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE